**Corey L. SMITH, Petitioner–Appellant,**

v.

**David R. McKUNE, Warden, Lansing Correctional Facility; Carla J. Stovall, Attorney General; State of Kansas, Respondents–Appellees.**

No. 01–3205.

United States Court of Appeals, Tenth Circuit.

Oct. 3, 2002.

Corey L. Smith, Lansing, KS, for Petitioner–Appellant.

Jared S. Maag, Office of the Attorney General, Topeka, KS, for Respondents–Appellees.

Before HENRY, ANDERSON, and HARTZ, Circuit Judges.

## ORDER AND JUDGMENT*

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Corey L. Smith seeks a certificate of appealability (COA) from this court in order to appeal the district court's order denying relief in his motion filed pursuant to 28 U.S.C. § 2254. We deny Mr. Smith's application and dismiss the appeal.

Mr. Smith's habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Therefore, review of his claims is governed by its provisions. *See Wallace v. Ward,* 191 F.3d 1235, 1240 (10th Cir. 1999).

Under AEDPA, Mr. Smith must obtain a COA before he can proceed on appeal. 28 U.S.C. § 2253(c)(1). To be entitled to a COA, he must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct.

---

1595, 146 L.Ed.2d 542 (2000) (quotation omitted).

In 1994, at the age of fifteen, Mr. Smith was charged in state court with one count of first degree felony murder, one count of aggravated robbery, and one count of conspiracy to commit aggravated robbery. A mistrial was declared because the jury was unable to reach a unanimous verdict. He then entered a guilty plea the morning his retrial was to begin. He pled guilty to one count of second degree murder, one count of aggravated robbery, and one count of conspiracy to commit aggravated robbery. Mr. Smith later filed a motion to withdraw his plea alleging his plea was not voluntary and knowing and he received ineffective assistance of counsel. The state court denied his motion and sentenced him to 203 months' imprisonment. Mr. Smith's appeal to the Kansas Court of Appeals, challenging the court's denial of his motion to withdraw his plea, was denied.

Mr. Smith then filed this § 2254 petition in federal district court. He again alleged that his plea was not voluntary and knowing and counsel was ineffective. The district court denied relief finding that Mr. Smith understood the plea negotiations and was sufficiently advised as to the maximum sentence he faced. The court also determined that Mr. Smith had not received ineffective assistance of counsel. On appeal, Mr. Smith argues that the district court erred in its ruling.

We have reviewed the record and the applicable law and conclude that Mr. Smith has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reason-able jurists could not debate whether his § 2254 "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595 (quotation omitted). Therefore, we GRANT appellant's motion to for leave to proceed in forma pauperis, deny a COA and DISMISS this appeal.

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.